## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

YASMANI GURRI RUBIO,

    *Plaintiff,*

    v.

MARKWAYNE MULLIN[1], *et al.,*

    *Defendants.*

Case No. 25-cv-2756-ABA

### MEMORANDUM OPINION

Plaintiff Yasmani Gurri Rubio initiated the above-captioned case on August 21, 2025, alleging that United States Citizenship and Immigration Services ("USCIS") had failed to make a determination on his naturalization application within 120 days. ECF No. 1 (citing 8 U.S.C. § 1447(b)). Plaintiff had previously filed a notice of voluntary dismissal and, the day after the Court directed the Clerk to close the case, he filed a motion to reopen it. ECF Nos. 43, 44, 45. He has since filed seven other motions that remain pending. ECF Nos. 46–48, 50–53.

### I.    PROCEDURAL HISTORY

In light of the posture of this case, a thorough recount of the procedural history is necessary. On August 21, 2025, Plaintiff filed a complaint against Defendants Kristi Noem (now replaced by Markwayne Mullin) as Secretary of the Department of Homeland Security, Ur M. Jaddou as Director of USCIS, Jane Doe #1, Greg Collett as

---

[1] Upon the departure of a public officer sued in their official capacity, "[t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). On March 24, 2026, Markwayne Mullin was sworn in as the Secretary of the Department of Homeland Security and, therefore, automatically substitutes former Secretary Kristi Noem.

District Director of USCIS Baltimore Field Office, the United States Department of Homeland Security, USCIS, and the United States of America, alleging he had filed and completed all the steps for his application for naturalization but the government had not given him a decision in the prescribed time thus violating the Administrative Procedures Act and the Due Process Clause of the Fifth Amendment as well as alleging negligence under the Federal Tort Claims Act and the Rehabilitation Act. ECF No. 1. He also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. The Court granted the *in forma pauperis* motion and ordered issuance of summonses. ECF No. 4.

On September 8, 2025, Plaintiff filed a Motion for Leave to File Documents Electronically through the Electronic Document Submission System ("EDSS") and a Motion for Limited Discovery. ECF Nos. 6, 7. On September 11, 2025, the Court granted Plaintiff's EDSS motion. ECF No. 11. Because Defendants had not yet been served in the case, their deadline to file a response to the Motion for Limited Discovery was fourteen days after service. *See* Local Rule 105.2(a). Defendants were served on September 15, 2025 and September 26, 2025; as Defendants are federal government officials sued in their official capacities, they had 60 days to respond to the complaint—in this case, November 25, 2025. *See* ECF Nos. 12, 15; Fed. R. Civ. P. 12(a)(2).

Eighteen days after Defendants were served, Plaintiff filed an amended complaint, as is permissible under the Federal Rules of Civil Procedure. ECF No. 13; Fed. R. Civ. P. 15(a)(1)(A). Defendants still had until November 25, 2025 to file any responsive pleading. Fed. R. Civ. P. 15(a)(3). Despite this, along with his amended complaint, Plaintiff filed an "Emergency Supplemental Motion for Immediate Adjudication and Administration of the Oath of Allegiance under 8 U.S.C. § 1447(b)." ECF No. 14. Pursuant to Local Rule 105.2(a), the deadline for Defendants to respond

2

was October 28, 2026. Eight days after filing this motion, on October 22, 2025, Plaintiff filed another "Motion to Ruling for Immediate Adjudication Under 8 U.S.C. § 1447(b)." ECF No. 16. Pursuant to Local Rule 105.2(a), the deadline for Defendants to respond was November 5, 2025.

On November 3, 2025, Defendants filed a motion to stay the case due to a lapse in government appropriations, which the Court denied as moot on November 13, 2025 as the appropriations lapse had ended. ECF Nos. 16, 19. The Court ordered that the parties file a joint status report by December 1, 2025 with a proposed schedule for Defendants to respond to the complaint and Plaintiff's pending motions. ECF No. 19 ¶ 2. The parties submitted separate status reports indicating that they were unable to reach an agreement on a briefing schedule and Defendants also filed a motion to remand the case to USCIS. ECF Nos. 20, 21, 22. Defendants proposed that the deadline for them to respond to the Amended Complaint and to the motion for limited discovery be set for January 16, 2026. ECF No. 20. A few hours after Defendants filed the motion to remand, Plaintiff filed a motion for sanctions, arguing that the declaration attached to the motion was not legally valid. ECF No. 23.

Pursuant to Local Rule 105.2(a), the deadline for Plaintiff to respond to the motion for remand was December 15, 2025. Plaintiff filed his response on December 2, 2025, one day after the motion was filed, and then filed a notice of withdrawal of that response and a renewed response on December 9, 2025. ECF Nos. 24, 26, 27. Defendants filed a motion for extension of time to file a response to the motion for sanctions and a reply to Plaintiff's renewed response to the motion for remand until January 7, 2026, which the Court granted. ECF Nos. 28, 29. Defendants filed their reply

3

brief to the motion to remand on January 6, 2026 and their response brief to the motion for sanctions on January 7, 2026. ECF Nos. 37, 39.

On December 7, 2025, Plaintiff filed a Motion to Appoint Counsel. ECF No. 25. On December 20, 2025, Plaintiff filed a "Motion to Prioritize Limited Discovery and Address Indispensable Party (John Doe)," essentially requesting the Court to rule on his motion for limited discovery prior to the government's opportunity to respond to the motion. ECF No. 30. On December 25, 2025, Plaintiff filed a "Motion to Enter Default Against all Defendants and to Preclude the Issuance of Any Scheduling Order Prior to Compliance with Fed. R. Civ. P. 12(a), 6(b), and 55(a)" in which he argued that because the Court had not set a new deadline for Defendants to respond to the complaint and the original November 25, 2025 deadline had expired without a responsive pleading filed, he is entitled to entry of default. ECF No. 31. On December 31, 2025, Defendants requested a conference in this case, ECF No. 32, which Plaintiff opposed, ECF No. 33.

On January 5, 2026, Plaintiff filed a motion to withdraw EDSS filing authorization and to proceed via CM/ECF as well as a motion to hold proceedings in abeyance pending a writ of mandamus filed before the Fourth Circuit. ECF Nos. 34, 36. On January 6, 2026, he filed a Motion to Compel Limited Discovery and for Sanctions, essentially rehashing his prior motion for limited discovery and now arguing that Defendants were impeding his discovery process despite the motions for limited discovery not yet being ruled upon. ECF No. 38. On January 7, 2026, the Court issued an order addressing some of the open motions on this case and holding in abeyance the remaining motions until the Court issued a decision on the motion to remand. ECF No. 41.

4

One day later, "in response to the Court's decision to place the case in abeyance pending resolution of a remand motion and to suspend all substantive proceedings, Plaintiff elect[ed] to terminate this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)." ECF No. 43 at 1. The Court accepted Plaintiff's notice of voluntary dismissal and, on January 21, 2026, directed the Clerk to close the case. ECF No. 44. One day later, Plaintiff filed a "Motion to Reopen Case and for Relief from Final Disposition Pursuant to Federal Rule of Civil Procedure 60(b)(1)." ECF No. 45. Two days later, Plaintiff filed a motion to withdraw that motion. ECF No. 46. Three days later, Plaintiff filed a new "Motion to Reopen Case and for Relief from Final Disposition Pursuant to Federal Rule of Civil Procedure 60(b)(1)" as well as a "Motion for Leave to File a Rule 60(b)(1) Motion." ECF Nos. 47 & 48. Defendants' deadline to file a response to the latter two motions was February 10, 2026. *See* Local Rule 105.2(a). Before the expiration of that deadline, on February 4, 2026, Plaintiff filed a motion for leave to file a memorandum of law in support of ECF No. 47, essentially attempting to supplement his prior briefing before Defendants had an opportunity to respond. ECF No. 50.

On February 12, 2026, Plaintiff filed a "Motion for Recusal Pursuant to 28 U.S.C. § 455(a) Based on the Appearance of Impartiality," arguing that the fact that the Court had not set a deadline for Defendants to respond to the amended complaint and had held the motions in abeyance pending a decision on the remand motion indicated that the Court was not impartial. ECF No. 51. The deadline for Defendants to file a response to that motion was February 26, 2026. *See* Local Rule 105.2(a). Before the Defendants had an opportunity to respond, on February 25, 2026, Plaintiff filed another motion: "Motion for Immediate Hearing and Determination of Rule 60(B)(1) and Recusal." ECF

5

No. 52. Finally, on April 22, 2026, Plaintiff filed a "Motion for Clarification, Immediate Ruling, and Judicial Notice of Pending Rule 60(b) Motions." ECF No. 53.

For the following reasons, the Court rules as follows:

- Mr. Gurri Rubio's motion for recusal (ECF No. 51) will be denied;

- Mr. Gurri Rubio's motion to withdraw his initial motion to reopen and for relief under Rule 60(b)(1) (ECF No. 46) will be granted;

- Mr. Gurri Rubio's initial motion to reopen and for relief under Rule 60(b)(1) (ECF No. 45) will be denied as withdrawn;

- Mr. Gurri Rubio's motion to reopen the case and for relief under Rule 60(b)(1) (ECF No. 47) will be granted in part and denied in part;

- Mr. Gurri Rubio's motion for leave to file a Rule 60(b)(1) motion (ECF No. 48) will be denied as moot;

- The government's motion to remand (ECF No. 21) will granted; and

- All other pending motions in this case (ECF Nos. 7, 14, 16, 23, 25, 30, 50, 52, 53) will be denied as moot.

## II.    Motion for Recusal

A judge shall recuse from a case "in which his impartiality might reasonably be questioned," as well as under additional circumstances enumerated in the relevant statute. 28 U.S.C. § 455(a)–(b). One of those circumstances is where a judge "has a personal bias or prejudice concerning a party." *Id*. § 455(b)(1). The relevant "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011)) (quoting *Liteky v. United States*, 510 U.S. 540, 545 (1994)). "'[E]xpressions of

impatience, dissatisfaction, annoyance, and even anger' . . . are generally insufficient to support a recusal motion." *Id.* at 573 (quoting *Liteky*, 510 U.S. at 555–56). "If it were otherwise—if strong views on a matter were disqualifying—then a judge would hardly have the freedom to be a judge." *Id.*

Mr. Gurri Rubio's basis for why the undersigned judge should recuse himself from this case is Plaintiff's belief that the Court invoked Federal Rule of Civil Procedure 16 by requesting the parties to provide proposed deadlines for Defendants to respond to his complaint and motions but then did not enter a scheduling order. ECF No. 51 at 4–7. He argues that that the undersigned judge did not make a finding of "good cause" to not enter a scheduling order, which he contends the Court was required to do. *Id.* at 6.

Mr. Gurri Rubio's argument fails on a few levels. First, the Court's November 13, 2025 Order requesting that the parties file a joint status report suggesting deadlines for Defendants to respond to the complaint and to the pending motions did not "invoke Rule 16." ECF No. 19. If and when a court amends response deadlines that would otherwise apply under Federal Rule of Civil Procedure 12(a) or Local Rule 105.2(a), that order is unrelated to a "Scheduling Order" under Federal Rule of Civil Procedure 16(b), which initiates discovery. *See* Fed. R. Civ. P. 16(b)(3); Local Rule 104.4. Given that Rule 16 Scheduling Orders initiate discovery obligations, it is standard for courts to wait until any preliminary motions such as motions to dismiss or to remand are resolved to avoid expensive or otherwise burdensome discovery on potentially frivolous claims.

In addition, Mr. Gurri Rubio has not shown how the Court not setting a deadline resulted in any personal bias or appearance thereof by the undersigned judge. Mr. Gurri Rubio's same due process arguments for why he believes he is entitled to his arguments being heard and adjudicated, as he states in several of his motions, apply to Defendants

as well. Finally, given that remand would strip this Court of jurisdiction to adjudicate claims, Mr. Gurri Rubio has failed to show how the Court's decision to hold the pending motions in abeyance as it made a determination on whether remand was appropriate indicated personal bias or prejudice. Therefore, Mr. Gurri Rubio's motion for recusal (ECF No. 51) will be denied.

### III.    Rule 60 Motions

Mr. Gurri Rubio argues that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(1) based on the Court's denial of "mandatory default relief without applying or analyzing Rule 55" although Defendants did not file responsive pleadings by the Rule 12(a) deadline. ECF No. 47 at 1–2.

First, the Court notes that Mr. Gurri Rubio's motion appears to include at least three nonexistent quotations. For example,

- He purports to include a quote from *In re United States*, 273 F.3d 380, 388 (4th Cir. 2001) that states "A court's refusal to act where jurisdiction is clear constitutes a failure to exercise jurisdiction." *See* ECF No. 47 at 10.

- He purports to include a quote from *Hahn v. United States*, 107 U.S. 402, 406 (1883) that states "the marshal's return is prima facie evidence of service." ECF No. 47 at 11.

- He purports to include a quote from *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) that states "Courts must not become instruments of injustice." ECF No. 47 at 14.

None of these quotes appear in the cases to which Mr. Gurri Rubio cites. "By presenting to the court a pleading, written motion, or other paper . . . an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after

an inquiry reasonable under the circumstances" that the information included therein is accurate, nonfrivolous, and "warranted by existing law." Fed. R. Civ. P. 11 (b), (b)(2). Mr. Gurri Rubio's use of nonexistent quotes causes deep concern to the Court, wastes the Court's and opposing counsel's time and resources, and significantly weakens the Court's trust in his papers.

Nonetheless, Mr. Gurri Rubio's request for Rule 60(b)(1) relief as to the Court's denial of his motion for default judgment fails because the denial does not constitute a "final" judgment. In determining the scope of a final judgment under Rule 60(b), the Supreme Court has stated that "final" means "[d]efinitive; terminating; completed; conclusive; last." *Watzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 312 (2025) (quoting Black's Law Dictionary 779 (3d ed. 1933)). Given that the denial of a motion for entry of default does not terminate or conclude a litigation, as is evidenced by Mr. Gurri Rubio's nine filings since that order, that decision does not constitute a "final judgment" to which Rule 60(b) applies. Therefore, to the extent that Mr. Gurri Rubio seeks Rule 60(b)(1) relief regarding the denial of his motion for entry of default, the motion will be denied.

To the extent Mr. Gurri Rubio is requesting to reopen his case as his relief under Rule 60(b)(1), that request will also be denied. A voluntary dismissal without prejudice is considered a "final proceeding" under Rule 60(b). *Watzig*, 604 U.S. at 312, 319. But Rule 60(b)(1) allows for relief for "mistake, inadvertence, surprise, or excusable neglect." Mr. Gurri Rubio does not, and cannot, argue that the Court's acceptance of his notice of voluntary dismissal constitutes a "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). But the Court will grant Mr. Gurri Rubio's motion to reopen the case under Rule 60(b)(6) because his voluntary dismissal was without

prejudice. Therefore, the motion to reopen will be granted in part under Rule 60(b)(6) as to Mr. Gurri Rubio's voluntary dismissal. As the Rule 60(b)(1) motions do not apply to this case, Mr. Gurri Rubio's motion for leave to file the Rule 60(b)(1) motions will be denied as moot.

## IV.    Motion to Remand

Where a noncitizen has submitted an application for naturalization and USCIS fails to make a determination within 120 days after the date on which the examination under 8 U.S.C. § 1446 is conducted, the noncitizen "may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." 8 U.S.C. § 1447(b). "Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." *Id.* Generally, courts "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands," a "principle [that] has obvious importance in the immigration context." *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002). USCIS generally "is in the best position to adjudicate naturalization applications." *Buhari v. Collett*, Case No. 19-cv-1431-GJH, 2019 WL 4750291, at *2 (D. Md. Sept. 30, 2019) (quoting *Roberts v. Holder*, Case No. 11-cv1941-CCB, 2012 WL 2563880, at *2 (D. Md. June 29, 2012)) (internal quotations omitted). Therefore, "the vast majority of courts that have exercised jurisdiction over a case pursuant to § 1447(b) have remanded the matter back to [US]CIS with appropriate instructions, rather than determine the matter." *Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 810 (E.D. Va. 2007) (collecting cases); *see also Buhari*, 2019 WL 4750291, at *2 (citing *Manzoor*, 472 F. Supp. 2d at 810); *Ndumu v. United States Dep't of Homeland*

*Sec.*, Case No. 14-cv-2598-GJH, 2014 WL 5495680, at * 2 (D. Md. Oct. 29, 2014) (citing

*Manzoor*, 472 F. Supp. 2d at 810).

Mr. Gurri Rubio initiated this case on August 21, 2025. ECF No. 1. He asserts that

he completed his naturalization interview under 8 U.S.C. § 1446 on April 17, 2025 (126

days before he initiated this suit) at the USCIS Baltimore Field Office and that he

submitted a valid and completed Form N-648. ECF No. 13 ¶¶ 2–3. Defendants do not

contest that Mr. Gurri Rubio appeared for his naturalization interview on April 17, 2025;

however, they assert that Mr. Gurri Rubio did not complete the interview that day and

that the Form N-648 that he submitted was not properly completed. ECF No. 21 ¶ 3

(citing ECF No. 21-1, Declaration of Shapel Lee, ¶¶ 3–4).

When Defendants initially filed their motion for remand, on December 1, 2025,

they represented to the Court that USCIS intended to schedule Mr. Gurri Rubio for a

naturalization interview and complete the adjudication of his application within sixty

days of remand. *Id*. ¶¶ 3, 6. The next day, on December 2, 2025, USCIS issued Policy

Memorandum PM-602-0192, *Hold and Review of all Pending Asylum Applications and

all USCIS Benefit Applications Filed by Aliens from High-Risk Countries* ("Policy

Memorandum"), requiring USCIS to place on hold applications by noncitizens from

certain countries and conduct a re-review of pending applications. ECF No. 37 ¶¶ 3–4. It

is undisputed that Mr. Gurri Rubio is a citizen and national of one of the countries to

which this Policy Memorandum applies. *Id*. ¶ 4; ECF No. 27. The Policy Memorandum

further states that USCIS would issue operational guidance within ninety days of the

policy's issuance; therefore, Defendants state that, although they are no longer able to

promise adjudication within sixty days of remand, they still request that the case be

11

remanded to USCIS to comprehensively review Mr. Gurri Rubio's application. ECF No. 37 ¶ 6.

First, the Court must again note that Mr. Gurri Rubio's complaint and his response to the motion to remand also include nonexistent quotations. In his complaint, he claims to quote from *Tutun v. United States*, 270 U.S. 568, 578 (1926), which he claims states "When the applicant shows his eligibility, the court has the duty to grant the application." ECF No. 1 at 7. This quote does not appear anywhere in the cited case. Although Mr. Gurri Rubio filed an amended complaint in which he removed this quotation, he still asserts that this case stands for the proposition that "The Supreme Court . . . ha[s] long recognized that once statutory eligibility is established, naturalization is a right, not a matter of agency grace." ECF No. 13 at 6–7. The Supreme Court case Mr. Gurri Rubio cites to, however, stands for the exact opposite proposition as it states, "The opportunity to become a citizen of the United States is said to be merely a privilege, and not a right." *Tutun v. United States*, 270 U.S. 568, 578 (1926); *see also id.* ("[T]he Constitution does not confer upon aliens the right to naturalization."). Additionally, in his renewed response to the motion to remand, Mr. Gurri Rubio alleges that the District of Massachusetts stated that it "took matters into its own hands" when it denied remand in *Taalebinezhaad v. Chertoff*, 581 F. Supp. 2d 243, 245–46 (D. Mass. 2008). ECF No. 27 at 8. Although the District of Massachusetts did deny remand in that case, the quotation that Mr. Gurri Rubio requests that this Court rely upon does not exist. Again, the Court warns Mr. Gurri Rubio for any further proceeding before this or any other court that the use of nonexistent quotations or cases is not acceptable and may be sanctionable.

In any event, this Court will grant Defendants' motion for remand for two reasons. First, given that there is a dispute regarding whether Mr. Gurri Rubio has in fact completed his naturalization interview, which is a required step before a district court can have jurisdiction to order a hearing on the application under 8 U.S.C. § 1447(b), it is unclear to the Court whether it has jurisdiction over this case in the first place. Second, like many other courts, the Court agrees that USCIS "is in the best position to adjudicate naturalization applications." *Buhari,* 2019 WL 4750291, at *2 (quoting *Roberts*, 2012 WL 2563880, at *2) (internal quotations omitted). Due to concern regarding the effect of the new USCIS policy, the Court will require that USCIS adjudicate Mr. Gurri Rubio's case within ninety days of the date of the accompanying Order.

In remanding this case, the Court notes that Mr. Gurri Rubio is not without further recourse within the district courts. First, should USCIS not adjudicate his application within ninety days, Mr. Gurri Rubio may re-file his suit. Second, he maintains the ability to seek subsequent *de novo* judicial review of a denied N-400 application after a hearing by an immigration officer. *See* 8 U.S.C. § 1421(c); *Buhari,* 2019 WL 4750291, at *3; *Ndumu,* 2014 WL 5495680, at *2.

## V.    CONCLUSION

For these reasons, the Court will deny Mr. Gurri Rubio's motion for recusal (ECF No. 51), grant his motion to withdraw his initial motion to reopen and for relief under Rule 60(b)(1) (ECF No. 46), deny as moot his initial motion to reopen and for relief under Rule 60(b)(1) (ECF No. 45), grant in part and deny in part his motion to reopen the case and for relief under Rule 60(b)(1) (ECF No. 47), and deny as moot his motion for leave to file a Rule 60(b)(1) motion (ECF No. 48). The Court will grant Defendants'

motion for remand (ECF No. 21). All other pending motions in this case (ECF Nos. 7, 14, 16, 23, 25, 30, 50, 52, 53) will be denied as moot. A separate order follows.


Date:  May 1, 2026                                     _____/s/_____
                                                        Adam B. Abelson
                                                        United States District Judge