# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

YASMANI GURRI RUBIO,

    *Plaintiff,*

    v.

MARKWAYNE MULLIN[1], *et al.,*

    *Defendants.*

Case No. 25-cv-2756-ABA

## MEMORANDUM OPINION

On May 1, 2026, the Court issued a memorandum opinion and order remanding the above captioned case to the United States Citizenship and Immigration Services ("USCIS") and noted that, should USCIS not adjudicate Plaintiff's naturalization application within ninety days, he may re-file his suit. *Gurri Rubio v. Mullin*, Case No. 25-cv-2756-ABA, 2026 WL 1194557, at *6 (D. Md. May 1, 2026). Plaintiff filed a notice of appeal the same day. ECF No. 58. On May 17, 2026, Plaintiff filed a motion to alter or amend judgment as well as a motion for leave to exceed page limits. ECF Nos. 61 & 62. On June 16, 2026, Plaintiff filed an emergency motion for temporary restraining order, declaratory relief, and other appropriate emergency relief. ECF No. 64. For the foregoing reasons, Mr. Gurri Rubio's motion for leave to file excess pages will be granted, his motion to alter or amend judgment will be denied, and his emergency motion for TRO will be denied in part and denied as moot in part.

---

[1] Upon the departure of a public officer sued in their official capacity, "[t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). On March 24, 2026, Markwayne Mullin was sworn in as the Secretary of the Department of Homeland Security and, therefore, automatically substitutes former Secretary Kristi Noem.

## I.    PROCEDURAL HISTORY[2]

Plaintiff Yasmani Gurri Rubio initiated the above-captioned case on August 21, 2025, alleging that USCIS had failed to make a determination on his naturalization application within 120 days. ECF No. 1 (citing 8 U.S.C. § 1447(b)). After Plaintiff filed various motions and requests, including voluntarily dismissing the case for a day, and the government filed a motion for remand to USCIS, the Court granted in part Plaintiff's motion to reopen the case and granted the government's motion to remand. *Gurri Rubio*, 2026 WL 1194557. The Court explained its two reasons for granting the motion to remand: "First, given that there is a dispute regarding whether Mr. Gurri Rubio has in fact completed his naturalization interview, which is a required step before a district court can have jurisdiction to order a hearing on the application under 8 U.S.C. § 1447(b), it is unclear to the Court whether it has jurisdiction over this case in the first place." *Id*. at *8. "Second, like many other courts, the Court agrees that USCIS 'is in the best position to adjudicate naturalization applications.'" *Id*. (quoting *Buhari v. Collett*, Case No. 19-cv-1431-GJH, 2019 WL 4750291, at *2 (D. Md. Sept. 30, 2019)).

On May 17, 2026, Mr. Gurri Rubio filed a fifty-page motion to alter or amend judgment under Rule 59(e). ECF No. 61. He contends that the Court's prior order "rest[ed] upon substantial constitutional and jurisdictional defects that progressively deprived the proceedings of the meaningful Article III adjudication required for the lawful exercise of federal judicial power." ECF No. 61-1 at 1. He further contends that "[t]hose constitutional concerns became significantly more pronounced once the Court expressly questioned the existence of exclusive jurisdiction under 8 U.S.C. § 1447(b) yet

---

[2] As the Court recounted in great detail the procedural history in the prior opinion, *see Gurri Rubio*, 2026 WL 1194557, at *1–3, the Court will not re-state the full history here.

nevertheless continued exercising authority under the same statutory provision." *Id*. Mr. Gurri Rubio simultaneously filed a motion for leave to exceed the page limit set by Local Rule 105.3. ECF No. 62.

Finally, Mr. Gurri Rubio filed an emergency motion for temporary restraining order ("TRO"), declaratory relief, and other appropriate emergency relief pursuant to Federal Rule of Civil Procedure 65(b). ECF No. 64. He appears to be requesting a TRO reversing or enjoining or staying the Court's prior order as he argues that "the challenged rulings continue to inflict ongoing constitutional, jurisdictional, and procedural injury." *Id*. at 16; *see generally id*. (arguing TRO factors related to actions by the Court rather than actions by Defendants). As a TRO is not the proper mechanism to stop the application of a court order, the Court will interpret Mr. Gurri Rubio's motion as a motion to stay the Court's order (ECF No. 57) and for expedited ruling on his motion to alter or amend judgment (ECF No. 61).

## II.    Sanctions

In its prior opinion, the Court noted several nonexistent quotations that appeared in Mr. Gurri Rubio's briefs and warned him that the "use of nonexistent quotes causes deep concern to the Court, wastes the Court's and opposing counsel's time and resources, and significantly weakens the Court's trust in his papers," and "may be sanctionable." *Gurri Rubio*, 2026 WL 1194557, *4, 5 (pointing out at least five nonexistent quotes in Plaintiff's complaint, motion to reopen, and opposition to the motion to remand). Despite this, Mr. Gurri Rubio's motion to alter or amend judgment includes at least two altered quotations (without stating that he altered them) and at least one nonexistent quotation. ECF No. 61. For example:

3

- He purports to include a quote from 8 C.F.R. § 335.3(b) that states "[t]he reexamination on the continued case shall be scheduled within **90 days** after the initial examination." *See* ECF No. 61-1 at 11 (emphasis added). That regulation instead states, "the reexamination on the continued case shall be scheduled within **the 120-day period** after the initial examination." 8 C.F.R. § 335.3(b) (emphasis added).

- He purports to include a quote from *Wash.-S. Nav. Co. v. Balt. & Phila. Steamboat Co.,* 263 U.S. 629, 635–36 (1924) that states "[n]o **court-made rule** can enlarge or restrict jurisdiction **or** abrogate or modify the substantive law." ECF No. 61-1 at 19 (emphasis added). The correct quotation states, "But **no rule of court** can enlarge or restrict jurisdiction**. Nor can a rule** abrogate or modify the substantive law." *Wash.-S. Navigation Co. v. Balt. & Phila. Steamboat Co.,* 263 U.S. 629, 635 (1924).

- He purports to include a quote from *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) that states "only that procedural due process that would be adequate to protect the substantial rights involved is required." ECF No. 61-1 at 36. This quote does not appear in *Armstrong v. Manzo*, 380 U.S. 545 (1965).

As the Court previously explained to Mr. Gurri Rubio, "[b]y presenting to the court a pleading, written motion, or other paper," an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the information included therein is accurate, nonfrivolous, and "warranted by existing law." Fed. R. Civ. P. 11(b), (b)(2). Under Rule

11, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). As the Court clearly put Mr. Gurri Rubio on notice of his Rule 11 violation in its prior opinion and yet, when given the opportunity to respond in his motion to alter judgment, he included inaccurate and frivolous quotations in his briefing yet again, Mr. Gurri Rubio will be ordered to show cause why his use of inaccurate and nonexistent quotations is not a violation of Rule 11(b) and why monetary sanctions should not be imposed. *See* Fed. R. Civ. P. 11(c)(3), (5).

## III.   Discussion

Rule 59(e) allows for a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). "It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). A "Rule 59(e) motion 'need not be granted unless the district court finds [1] that there has been an intervening change of controlling law, [2] that new evidence has become available, or [3] that there is a need to correct a clear error or prevent manifest injustice.'" *Nicholson v. Durant*, 162 F.4th 417, 422 (4th Cir. 2025) (quoting *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010)). "A court's decision is free from 'clear error' when it is 'factually supported and legally justified.'" *Id.* (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993)).

Mr. Gurri Rubio's primary argument for why the prior judgment should be altered is that "the Court expressly questioned the existence of exclusive jurisdiction under 8 U.S.C. § 1447(b) yet nevertheless continued exercising authority under that same statutory provision." ECF No. 61-1 at 1. "While expressing doubt regarding the

statutory basis for jurisdiction, the Court simultaneously proceeded to grant remand relief, reinterpret the operative language of § 1447(b), alter Congress's intended jurisdictional framework, reopen proceedings, deny pending motions, and preserve the procedural posture necessary to facilitate Defendants' requested outcome," he contends." *Id.* at 2. He continues, "In doing so, the proceedings increasingly approached territory prohibited by Article III's prohibition against hypothetical jurisdiction." *Id.* He then argues that these "defects deepened further when the proceedings progressively moved away from neutral adjudication and into procedural restructuring through the sua sponte conversion of Plaintiff's Rule 60(b)(1) motion into a Rule 60(b)(6) motion," constituting "the creation of procedural theories not advanced by the parties themselves." *Id.*

Each of Mr. Gurri Rubio's arguments fail because none of these claims are errors and, even if they were, they all would have still resulted in either the dismissal or remand of Mr. Gurri Rubio's case and therefore were harmless. Mr. Gurri Rubio does not appear to argue that there has been any intervening change of controlling law or any new evidence in this case. *See Nicholson*, 162 F.4th at 422.

As to the Court "conversion" of Mr. Gurri Rubio's Rule 60(b)(1) motions into a Rule 60(b)(6) motion, the Court explained that Mr. Gurri Rubio's request for relief under Rule 60(b)(1) failed because the denial of a motion for default judgment "does not constitute a 'final' judgment" within the scope of 60(b) and because "Mr. Gurri Rubio does not, and cannot, argue that the Court's acceptance of his notice of voluntary dismissal constitutes a 'mistake, inadvertence, surprise, or excusable neglect'" in order for Rule 60(b)(1) to apply. *Gurri Rubio*, 2026 WL 1194557, at *4. Pursuant to *Erickson v. Pardus*, district courts are to "liberally construe[]" pleadings filed by *pro se* litigants.

6

551 U.S. 89, 94 (2007). Therefore, the Court looked to the broader context of Rule 60(b) to find that Mr. Gurri Rubio's motion could be granted under Rule 60(b)(6), which he now contests was an error by the Court. *Gurri Rubio*, 2026 WL 1194557, at *4. Had the Court not looked to Rule 60(b)(6) as a basis to grant in part Mr. Gurri Rubio's motion, the motion would have been denied in its entirety, and his case would have remained dismissed, which appears to be the opposite of Mr. Gurri Rubio's argument throughout this case that this Court should be granting his requests.

As to Mr. Gurri Rubio's argument regarding the Court's jurisdiction, he again fails to show that this affects the outcome of his case. As the Court noted in its prior opinion, "there is a dispute regarding whether Mr. Gurri Rubio has in fact completed his naturalization interview, which is a required step before a district court can have jurisdiction to order a hearing on the application under 8 U.S.C. § 1447(b)"; therefore, if the Court found that it did not have jurisdiction over Mr. Gurri Rubio's case, it would have needed to remand his case to USCIS to complete the naturalization interview. *Id.* at *6. The Court went on to hold that, even if it did have jurisdiction over Mr. Gurri Rubio's case, "Court agree[d] that USCIS 'is in the best position to adjudicate naturalization applications,'" and therefore the Court would remand to USCIS to adjudicate his application. *Id.* Therefore, Mr. Gurri Rubio has failed to show why the Court noting that the outcome is the same under both possibilities constitutes any "clear error" or that the decision was not "factually supported and legally justified." *Hutchinson*, 994 F.2d at 1081–82.

Mr. Gurri Rubio also filed an emergency motion for TRO, declaratory relief, and other appropriate emergency relief. ECF No. 64. As the Court noted above, Mr. Gurri Rubio appears to be requesting a TRO enjoining or staying the Court's prior order as he

argues that "the challenged rulings continue to inflict ongoing constitutional, jurisdictional, and procedural injury." *Id.* at 16; *see generally id.* (arguing TRO factors related to actions by the Court rather than actions by Defendants). As a TRO is not the proper mechanism to stop the application of a Court order, the Court will interpret Mr. Gurri Rubio's motion as a motion to stay the Court's order (ECF No. 57) and for expedited ruling on his motion to alter or amend judgment (ECF No. 61). For the same reasons that the Court will deny Mr. Gurri Rubio's motion to alter or amend judgment, insofar as his motion requests to stay the Court's prior order, it will be denied and insofar as it requests an expedited ruling, it will be denied as moot.

## IV.   CONCLUSION

For these reasons, the Court will grant Mr. Gurri Rubio's motion for leave to file excess pages (ECF No. 62), will deny his motion to alter or amend judgment (ECF No. 61), and will deny in part and deny as moot in part his emergency motion for temporary restraining order and expedited ruling (ECF No. 64). Mr. Gurri Rubio will be ordered to show cause why he should not be sanctioned for the use of inaccurate and nonexistent quotations in multiple briefs before this Court. A separate order follows.

Date:  July 9, 2026

_____*/s/*_____
Adam B. Abelson
United States District Judge