**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

YASMANI GURRI RUBIO,
 *Plaintiff,*

 v.

KRISTI NOEM, *et al.,*
 *Defendants.*

Case No. 25-cv-2756-ABA

**MEMORANDUM OPINION**

On August 21, 2025, Plaintiff Yasmani Gurri Rubio initiated the above-captioned case based on the government's alleged failure to render a decision on his naturalization application within the 120-day period mandated by 8 U.S.C. § 1447(b). ECF No. 1; ECF No. 13. On May 1, 2026, the Court issued a memorandum opinion and order remanding the case to the United States Citizenship and Immigration Services ("USCIS") and noted that, should USCIS not adjudicate Plaintiff's naturalization application within ninety days, he could re-file his suit. *Gurri Rubio v. Mullin*, Case No. 25-cv-2756-ABA, 2026 WL 1194557, at *6 (D. Md. May 1, 2026) (hereinafter, "*Gurri Rubio I*"), *appeal filed,* Case No. 26-1563. On July 9, 2026, this Court denied Plaintiff's motion to alter or amend judgment and ordered Plaintiff to show cause why he should not be sanctioned for his continued use of inaccurate and nonexistent quotations after the Court noted examples in several of Plaintiff's briefs where quotations were either altered (without stating that he altered them) or did not appear at all in the case he cites to. *Gurri Rubio v. Mullin*, Case No. 25-cv-2756-ABA, 2026 WL 1983150, at *2, 4 (D. Md. July 9, 2026) (pointing out two altered quotations and one nonexistent quotation in Plaintiff's motion to alter or amend judgment) (citing *Gurri Rubio I*, 2026 WL 1194557, at *4, 5 (pointing

1

out at least five nonexistent quotes in Plaintiff's complaint, motion to reopen, and opposition to the motion to remand)).

Since then, Plaintiff has filed a response to the show cause order, ECF No. 67, a motion for reconsideration of the order denying the motion to alter or amend judgment, ECF No. 68, a motion to withdraw those prior two filings, ECF No. 69, a renewed response to the show cause order, ECF No. 70, a renewed motion for reconsideration of the order denying the motion to alter or amend judgment, ECF No. 71, a motion for sanctions against the government, ECF No. 73, a renewed motion for recusal, ECF No. 74, and a notice to withdraw his motion for sanctions, ECF No. 75.

On July 30, 2026, the government filed a notice regarding the adjudication of Plaintiff's naturalization application. ECF No. 76. In that notice, the government explained that, in accordance with the Court's remand order (*Gurri Rubio I*, 2026 WL 1194557, at *5–6), USCIS adjudicated Plaintiff's application and issued a Notice of Decision to Plaintiff explaining the basis for its decision on July 29, 2026 (within ninety days of the Court's remand order). ECF No. 76. Therefore, adjudication of Plaintiff's naturalization application has been completed, there is no further relief to which Plaintiff is entitled under his Complaint, and this Court lacks jurisdiction over Plaintiff's claim. *See id.* at 2; 8 U.S.C. § 1447(b) (limiting judicial jurisdiction to matters where USCIS has *failed* to make a determination under § 1446); 8 U.S.C. § 1446(d) (USCIS must "make a determination as to whether the application should be granted or denied, with reasons therefor"). Once a determination has been made by USCIS, an applicant's relief from a denial of his application is limited to a request for a hearing before an immigration officer, not a district court. 8 U.S.C. § 1447(a).

Upon consideration of the above, Plaintiff's motion to withdraw ECF Nos. 67 & 68 (ECF No. 69) will be granted and, therefore, Plaintiff's initial motion for reconsideration (ECF No. 68) will be denied as moot. Further, Plaintiff's notice of withdraw of his motion for sanctions (ECF No. 75) will be accepted and, therefore, Plaintiff's motion for sanctions (ECF No. 73) will be denied as moot. In light of the government's notice of adjudication of Plaintiff's naturalization application, this Court lacks subject matter jurisdiction and Plaintiff has been granted the relief to which he is entitled—adjudication of his naturalization application. Therefore, Plaintiff's amended complaint (ECF No. 13) will be dismissed as moot with prejudice. As the complaint is being dismissed, Plaintiff's motion for reconsideration (ECF No. 71) and his motion for recusal (ECF No. 74) will be denied as moot. A separate order follows.

Date:  August 3, 2026

_____*/s/*_____
Adam B. Abelson
United States District Judge

3